UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES DAVIS, | ) | CASE NO. 5:16cv379 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| AMY JONES, Judge, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On February 19, 2016, *pro se* plaintiff, Charles Davis, an inmate at the Summit County Jail, filed this action against Judge Amy Jones, Attorneys Andrea Whitaker and Aviva Wilcater, Akron A.P.D. Bage [sic] No. 1333-1330-1372, and Cross Roads Realty Company. Plaintiff does not set forth substantive allegations or an intelligible legal theory in the complaint.

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of a viable legal theory to satisfy federal notice pleading requirements. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would . .

. transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* (case citation omitted).

Even liberally construed, the complaint does not contain allegations reasonably suggesting that plaintiff might have a valid claim. S*ee Lillard v. Shelby Cnty. Bd. of Educ,*, 76 F.3d 716, 726 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). This case is therefore appropriately subject to summary dismissal. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (complaint may be summarily dismissed when claim is not arguably plausible).

Based on the foregoing, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

**IT IS SO ORDERED**.


Dated: April 19, 2016

                                             **HONORABLE SARA LIOI**
                                             **UNITED STATES DISTRICT JUDGE**